IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAZZMINE GALLIMORE,<br>　　Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6089 |
| | : | |
| MERAKEY, *et al*, | : | |
| 　　Defendants. | : | |

**MEMORANDUM**

SCOTT, J.                                                 FEBRUARY 3rd, 2026

Plaintiff Yazzmine Gallimore filed a *pro se* Complaint asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII").  In an Order filed on November 4, 2025 (ECF No. 6), the Court granted Gallimore leave to proceed *in forma pauperis*, stayed the case for 90 days, and referred the case to the Plaintiff's Employment Panel since Gallimore moved for the appointment of counsel.  No attorney volunteered to take the case during the 90-day stay period.  For the following reasons, the Court will life the stay and dismiss the Complaint with leave to amend.

## I.    FACTUAL ALLEGATIONS

Gallimore's Complaint consists of the form available to *pro se* litigants to file employment discrimination claims as well as materials that she submitted to the EEOC.[1]  By checking boxes on the Complaint form, Gallimore, who is African American, appears to assert race discrimination claims based on termination of her employment, a failure to stop harassment, and retaliation.  (Compl. at 2-3).  In the area of the form that asks Gallimore to state the facts of the case, she only wrote "see attached documents."  (*Id.* at 3.)  The documents include three "Right to Sue" letters issued by the EEOC containing three different Charge Numbers.  (*Id.* at 9-

---

[1] The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

15.)  There is also a two-page typed document discussing Gallimore's experiences at her "first environment" at Merakey from which she was terminated on July 16, 2024, a "new job" at "youth advocate programs in Lancaster" where "the discrimination continued," and a third job she "started at Laurel Life on April 14, 2025" where she allegedly also experienced discrimination and was fired on June 27, 2025.  (*Id.* at 16-17.)  It is unclear from Gallimore's submission whether these three incidents arose from different jobs with different employers since she identified the Defendant on the form as "Merakey/Youth Advocate Programs/Laurel Life," while providing only an address for where she was employed at "Merakey" in Kennett Square, Pennsylvania.  (*Id.* at 4.)  She seeks injunctive relief and money damages for her claims.  (*Id.* at 7.)

## II.    STANDARD OF REVIEW

The Court grants Gallimore leave to proceed *in forma pauperis* since she appears unable to pay the filing fee.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.*

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.    DISCUSSION

Gallimore's Complaint fails to conform to the requirements of Rules 8 and 10. She has merely checked boxes on the form indicating the nature of the claims she seeks to assert without providing any narrative description in numbered paragraphs of the facts that support the elements of those claims. For example, she checked boxes indicating she was terminated, but does not allege sufficient facts in the Complaint itself indicating that she was terminated because of her race.[2] Likewise, she checked the box indicating she seeks to assert a Title VII retaliation claim but does not state any facts to support that claim.[3]

---

[2] Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). "A plaintiff alleging a Title VII claim for discriminatory discharge must allege that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was discharged; and (4) the employment action suggests an inference of discrimination because of her membership in the protected class, such as might occur when the position is filled by a person not of the protected class." *Reese v. Horizon Blue Cross Blue Shield of New Jersey*, No. 08-1382, 2008 WL 5188853, at *2 (D.N.J. Dec. 10, 2008) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1066 n. 5 (3d Cir.1996); *Theophane v. Homeland Intel., LLC*, No. 25-1258, 2025 WL 887813, at *3 (E.D. Pa. Mar. 21, 2025) ("Theophane must plausibly allege that he: (1) is a member of a protected class; (2) was qualified for the position he sought to attain; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination."); *Lorah v. Tetra Tech Inc.*, 541 F. Supp. 2d 629, 635 (D. Del. 2008) (gender discrimination claim). However, to plead a claim under Title VII, the complaint need not allege each element of a *prima facie* case as set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) ("A determination whether a *prima facie* case has been made, however, is an evidentiary inquiry – it defines the quantum of proof plaintiff must present to create a rebuttable presumption of discrimination. . . . Even post-*Twombly*, it has been noted that a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." (internal citation omitted)). Rather, a complaint must allege facts that provide fair notice of a plaintiff's claim and demonstrate a plausible right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").

[3] For a retaliation claim under Title VII to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence

Rather, Gallimore merely attached Right to Sue letters from the EEOC and what appears to be a document she submitted to the EEOC. In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

However, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles, Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). Accordingly, Gallimore's Complaint must be dismissed for failure to comply with Rules 8 and 10 since merely attaching her EEOC paperwork fails to provide the Defendant, or possibly multiple Defendants

---

of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted).

with sufficient notice to prepare its defense and the Court is not sufficiently informed to determine the nature of the claims.[4]  Gallimore may file an amended complaint to present her Title VII claims by providing a short, plain statement of the facts of her case in numbered paragraphs.[5]

## IV.    CONCLUSION

For these reasons, the case will be removed from its stay and Gallimore's Complaint will be dismissed without prejudice.  An order follows providing Gallimore with additional information about filing an amended complaint.

BY THE COURT:

_____

KAI N. SCOTT, J.

---

[4] Because Gallimore did not include a narrative description of her claim or claims, it is not clear whether she is attempting to assert one claim against one employer about three different work assignments, or if she alleges that she was discriminated against by multiple different employers.  If she attempts to sue different employers alleging different discriminatory employment claims, she must file a separate civil action for each one of them.

[5] In submitting an amended complaint, Gallimore does not need to attach the evidence she believes she will present in discovery or at trial.  She must provide a narrative description of the facts supporting her claim that satisfies each of the elements the Court has stated.