## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YAZZMINE GALLIMORE,　　　　　　　　　:
　　　Plaintiff,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 25-CV-6089
　　　　　　　　　　　　　　　　　　　　:
MERAKEY, *et al*,　　　　　　　　　　　:
　　　Defendants.　　　　　　　　　　　　:

### MEMORANDUM

SCOTT, J.　　　　　　　　　　　　　　　　　　　　　　FEBRUARY 24, 2026

In a prior Memorandum and Order, the Court dismissed the *pro se* Complaint filed by Yazzmine Gallimore asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") because she failed to comply with Federal Rule of Civil Procedure 8 requiring that she provide a short plain statement of her claims. *Gallimore v. Merakey*, No. 25-6089, 2026 WL 309489, at *1 (E.D. Pa. Feb. 4, 2026) ("*Gallimore I*"). Gallimore was granted leave to file an amended complaint to flesh out her claims and name an employer against whom she could proceed with Title VII claims. *Id.* at *4. Gallimore filed an Amended Complaint (ECF No. 11) that fails to cure the defects the Court identified. However, because it appears that the Clerk of Court did not provide Gallimore with the specific form for use by *pro se* litigants to file employment discrimination claims, the Court will permit her an additional opportunity to amend.

## I.    FACTUAL ALLEGATIONS[1]

Gallimore's original Complaint consisted of the form available to *pro se* litigants to file employment discrimination claims as well as materials that she had submitted to the EEOC. By

---

[1] Unless otherwise stated, the facts are taken from Gallimore's Amended Complaint (ECF No. 11). The Court adopts the pagination supplied to all *pro se* submissions by the CM/ECF docketing system.

checking boxes on the Complaint form, Gallimore, who stated she is African American, appeared to assert race discrimination claims based on termination of her employment, a failure to stop harassment, and retaliation. (Compl. at 4-5). In the area of the form that asked Gallimore to state the facts of the case, she only wrote "see attached documents." (*Id.* at 5.) The documents included three "Right to Sue" letters issued by the EEOC containing three different Charge Numbers. (*Id.* at 9-15.) There was also a two-page typed document discussing Gallimore's experiences at her "first environment" at Merakey from which she was terminated on July 16, 2024, a "new job" at "youth advocate programs in Lancaster" where "the discrimination continued," and a third job she "started at Laurel Life on April 14, 2025" where she allegedly also experienced discrimination and was fired on June 27, 2025. (*Id.* at 16-17.) In the prior Memorandum, the Court noted that it was unclear from Gallimore's submission whether these three incidents arose from different jobs with different employers since she identified the Defendant on the form as "Merakey/Youth Advocate Programs/Laurel Life," while providing only an address for where she was employed at "Merakey" in Kennett Square, Pennsylvania. *Gallimore*, 2026 WL 309489, at *4 n.4.

Gallimore filed her Amended Complaint using the Court's generic form for *pro se* litigants, rather than the specific form for filing employment discrimination claims. (Am. Compl. *generally.*) She again names several entities — Merakey, Youth Advocate Programs, and Laurel Life — but does not specify which, if any of them, was her employer. (*Id.* at 2.) Rather, she refers to them as "work locations," and claims she was discriminated against at each work location because of her race. (*Id.* at 3.) She also reported harassment. (*Id.*) She mentions in conclusory fashion that several individuals created a hostile work environment but fails to allege any facts about this claim. (*Id.*) She alleges that two other individuals discriminated and

retaliated against her "after reporting it to the unemployment agency" and mentions others that were "involved" in discriminating against her "for [her] race and retaliated after [she] reported it," but again provides no facts or context for these statements. (*Id.*) She states that she wishes "to sue the listed companies" (*id.* at 4), perhaps indicating that she was employed by more than one employer, but that is unclear. She asks for money damages. (*Id.*)

## II.    STANDARD OF REVIEW

Because the Court granted Gallimore leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see*

*also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the

Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93 (citations omitted); *see also Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.  DISCUSSION

Gallimore's Amended Complaint again fails to conform to the requirements of Rule 8. This may be due in part to the fact that she filed her pleading on a generic form rather than the specific form for employment discrimination claims. Thus, for example, while she alleges race discrimination, she does not state her race in the Amended Complaint or that she is otherwise a member of a protected class, rendering her discrimination claim not plausible from the start.[2]

---

[2] While in her original Complaint Gallimore stated she is African American, she may not aggregate the allegations of her original Complaint and Amended Complaint. The Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented

*Theophane v. Homeland Intel., LLC*, No. 25-1258, 2025 WL 887813, at *3 (E.D. Pa. Mar. 21,

2025) (holding that for an employment discrimination claim a plaintiff "must plausibly allege

that he: (1) is a member of a protected class; (2) was qualified for the position he sought to

attain; (3) he suffered an adverse employment action; and (4) the action occurred under

circumstances that could give rise to an inference of intentional discrimination."). The failure to

specify what employer was involved also makes her retaliation allegations not plausible. *See*

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (stating that for a retaliation

claim under Title VII to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to

raise a reasonable expectation that discovery will reveal evidence of the following elements: (1)

she engaged in conduct protected by Title VII; (2) the employer took adverse action against her;

and (3) a causal link exists between her protected conduct and the employer's adverse action"

(citation omitted)); *Iqbal*, 556 U.S. at 678 (conclusory allegations do not suffice). Finally, the

allegations of hostile work environment are again defective because Gallimore provides no

context for her claim. *See Sousa v. Amazon.com, Inc.*, No. 22-3043, 2023 WL 7486751, at *3

(3d Cir. Nov. 13, 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see id.* ("The

---

supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that
precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011
WL 1670233, at *1 (E.D. Cal. May 2, 2011)). Rather, an amended complaint, once submitted to
the Court, serves as the governing pleading in the case because an amended complaint
supersedes the prior pleading. *See Garrett,* 938 F.3d at 82 ("In general, an amended pleading
supersedes the original pleading and renders the original pleading a nullity. Thus, the most
recently filed amended complaint becomes the operative pleading.") (internal citations omitted);
*see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding
that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations
from superseded pleadings"). The Court specifically instructed Gallimore that any amended
complaint had to be a **complete document** that did not rely on the initial Complaint or other
papers filed in this case to state a claim. (ECF No. 8 at 1.) The same will be true of any
subsequent amendment that she files.

question of whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.") (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (cleaned up)).

Fundamentally, the problem with Gallimore's submission is that she ignored the Court's instruction that she must identify the employer that allegedly discriminated and retaliated against her. *See Gallimore I*, 2026 WL 309489, at *4 n.4. Title VII makes it unlawful for an "employer" to discriminate.[3] 42 U.S.C. § 2000e-2(a)(1). Because it is unclear which, if any, of the named Defendants was Gallimore's actual employer, her claims are not plausible for this additional reason. She again names several defendants — Merakey, Youth Advocate Programs, and Laurel Life — but does not specify which, if any of them, was her employer and she refers to them as "work locations." This failure to identify discrete defendants and the actions taken by each of these defendants in regard to Gallimore's claims means that her Amended Complaint fails to comply with Rule 8. *See Garrett*, 938 F.3d at 93. To repeat, if Gallimore seeks to allege different claims against different employers, she must file separate civil actions against each one

---

[3] Because Title VII only covers "employers," should Gallimore chose to continue with a lawsuit, she may not assert claims under Title VII against individuals who are not her employer, including any coworkers or supervisors. An "employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, holding the term "employer" as used in Title VII does not encompass individual employees. *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996).

of them,[4] *Gallimore*, 2026 WL 309489, at *4 n.4, along with separate applications to proceed *in forma pauperis*.

IV.    **CONCLUSION**

For these reasons, the Amended Complaint will be dismissed. Gallimore will again be permitted to file an amended complaint. If she opts to do so, she must follow these instructions. First, Gallimore should only include allegations in this case **against a single employer**. Second, if Gallimore seeks to allege discrimination claims against more than one employer, she must do so in **separate** civil actions and seek *in forma pauperis* status for each case.[5] Claims against

---

[4] Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

"But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *Pew v. Little*, No. 22-1488, 2024 WL 967823, at *2 (E.D. Pa. March 6, 2024 (citing *McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted)). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Gorrio v. Terra*, No. 23-4366, 2023 WL 8373167, at *6 (E.D. Pa. Dec. 4, 2023) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). **In other words, if Gallimore wants to assert discrimination claims against different employers, they cannot be joined together in one lawsuit but must be filed separately.**

[5] The *in forma pauperis* statute does not authorize the Court to permit a new action to be commenced based on "prior grants of pauper status." *Piskanin v. Ct. of Common Pleas of Lehigh Cnty. & all of its Judges*, 359 F. App'x 276, 278 (3d Cir. 2009) (*per curiam*); *see also In re Sesay*, No. 22-0082, 2022 WL 1104062, at *7 (E.D. Pa. Apr. 12, 2022). Rather, "[e]ach new lawsuit filed requires an up-to-date affidavit of poverty," *Piskanin*, 359 F. App'x at 278, meaning that Gallimore must submit an application with each complaint she decides to file against an employer and cannot rely on the one that was approved for her case against Merakey.

multiple employers cannot be raised in one case. Third, Gallimore should include **as much factual information as possible** in order for the Court to determine if she can state plausible discrimination claims against an employer, including facts going to each of the elements of the claims described here and in the Court's prior Memorandum. In other words, she must "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [her] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). An order follows providing Gallimore with additional information about filing a second amended complaint.

BY THE COURT:

_____

KAI N. SCOTT, J.