## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YAZZMINE GALLIMORE,         :
    Plaintiff,              :
                              :
    v.                       :        **CIVIL ACTION NO. 25-CV-6089**
                              :
MERAKEY, *et al*,           :
    Defendants.        :

### ORDER

AND NOW, this 24th day of February, 2026, upon consideration of Plaintiff Yazzmine Gallimore's Amended Complaint (ECF No. 11), it is **ORDERED** that:

1.      The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons in the Court's Memorandum.

2.      Gallimore may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and state the basis for Gallimore's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. When drafting her second amended complaint, Gallimore should be mindful of the Court's reasons for dismissing the claims in her Amended Complaint as explained in the Court's Memorandum, and heed the Court's instructions about how to present her claims. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.      The Clerk of Court is **DIRECTED** to send Gallimore **one** blank copy of this Court's current standard form to be used by a self-represented litigant filing an employment

discrimination action bearing the above-captioned civil action number, **two** (2) additional copies of the form with the docket number **left blank**, and **two** (2) applications to proceed *in forma pauperis* (long form) with the docket number **left blank**.  Gallimore may use the form with Civil Action Number 25-6089 to file her second amended complaint against **one Defendant** if she chooses to do so.  If she intends to bring claims against other employers, she may use the blank copies of the form and submit separate complaints naming each employer as a Defendant, along with a fully completed application to proceed *in forma pauperis* for each case.  Gallimore is reminded that merely checking boxes on the form and attaching exhibits is insufficient to allege plausible claims and she **must** provide a short, plain statement in narrative form of the facts supporting her claims.

4.	If Gallimore does not wish to further amend and instead intends to stand on her Amended Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

2

5.    If Gallimore fails to file any response to this Order, the Court will conclude that Gallimore intends to stand on her Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

**BY THE COURT:**

*/S/ Kai N. Scott*
**KAI N. SCOTT, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).